UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CORRETTA DEHAVELIN GRAIER,

       Plaintiff,

v.                                            Case No. 8:14-cv-2273-T-35AEP

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

       Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff seeks judicial review of the denial of her claim for a period of disability and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision did not employ the proper legal standards, it is recommended that the Commissioner's decision be reversed and remanded for further consideration.

**I.**

**A.**     **Procedural Background**

Plaintiff filed an application for a period of disability and DIB (Tr. 208-10). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 126-29, 131-33). Plaintiff then requested an administrative hearing (Tr. 134). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 63-86). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claim for benefits (Tr. 104-20). Subsequently, Plaintiff requested review from the

Appeals Council (Tr. 165). Upon review, the Appeals Council vacated the hearing decision and remanded the case back to an ALJ for further administrative proceedings, including a directive to obtain additional evidence concerning Plaintiff's impairments, to further evaluate Plaintiff's mental impairments, to further evaluate Plaintiff's subjective complaints, to further consider Plaintiff's maximum residual functional capacity ("RFC"), to further evaluate the opinions of record, and to obtain supplemental evidence from a vocational expert ("VE") to clarify the effect of the assessed limitations on Plaintiff's occupational base (Tr. 121-25).

Upon remand, a second administrative hearing was held (Tr. 28-62). The ALJ then issued an unfavorable decision finding Plaintiff not disabled and denying Plaintiff's claim for benefits (Tr. 9-27). Plaintiff again requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6, 7-8). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. § 405(g).

### B. Factual Background

Plaintiff, who was born in 1970, claimed disability beginning December 3, 2009 (Tr. 208). Plaintiff completed at least two years of college and her past relevant work experience included work as an insurance clerk, mortgage accounting clerk, payroll clerk, and personnel clerk (Tr. 31-34, 51, 245-46). Plaintiff alleged disability due to chronic pain, scar tissue, fibroids (hysterectomy), chronic cysts, depression, stomach pain, leg pain, insomnia, anxiety, and tension headaches (Tr. 244).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2015, and had not engaged in substantial gainful

activity since December 3, 2009, the alleged onset date (Tr. 14). After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: old history of abdominal female surgical procedures, including for uterine fibroids, and major depression with pain disorder and associated psychological factors and physical condition (Tr. 14). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 15). The ALJ then concluded that Plaintiff retained a RFC to perform light work, except that Plaintiff could only occasionally climb ladders, scaffolds, or ropes, yet not at protected heights; must avoid extreme vibrations; and was limited to understanding and carrying out no more than semi-skilled procedures and instructions, with occasional interaction with the public and crowds (Tr. 16). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce some of the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely credible (Tr. 18).

Considering Plaintiff's noted impairments and the assessment of a VE, the ALJ determined Plaintiff could perform her past relevant work as a payroll clerk (Tr. 19-20). Given Plaintiff's background and RFC, the VE testified that Plaintiff could also perform other jobs existing in significant numbers in the national economy, such as a merchandise marker, cleaner, and assembler (Tr. 20-21, 52). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 21).

**II.**

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-

42 (1987); 20 C.F.R. § 404.1520(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*).

### III.

Plaintiff argues that the ALJ erred by failing to properly consider the opinions of Dr.

Danya Godoy and Dr. Ligia Perez and failing to properly consider Plaintiff's testimony. For the reasons that follow, the ALJ failed to apply the correct legal standards and the ALJ's decision is thus not supported by substantial evidence.

### A.     Medical Opinions

Plaintiff first contends that the ALJ erred by failing to consider the medical opinions of Dr. Godoy and Dr. Perez. When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted). The Social Security regulations provide guidelines for the ALJ to employ when evaluating medical opinion evidence. *See* 20 C.F.R. § 404.1527. In determining the weight to afford a medical opinion, the ALJ considers a variety of factors including but not limited to the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record as a whole, and the area of the doctor's specialization. 20 C.F.R. § 404.1527(c). For instance, the more a medical source presents evidence to support an opinion, such as medical signs and laboratory findings, the more weight that medical opinion will receive. 20 C.F.R. § 404.1527(c)(3). Further, the more consistent the medical opinion is with the record as a whole, the more weight that opinion will receive. 20 C.F.R. § 404.1527(c)(4). Typically, the ALJ must afford the testimony of a treating physician substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (citation omitted). Good cause exists where: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating

physician's opinion was conclusory or inconsistent with the physician's own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (citation omitted). In fact, the ALJ may reject any opinion when the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*).

### i. Dr. Godoy

As to Dr. Godoy, Plaintiff contends that the ALJ failed to consider Dr. Godoy's opinions that Plaintiff was unable to sit longer than six hours per day and could only work six hours per day, four days per week. The record indicates that Dr. Godoy began treating Plaintiff in January, 2009, and continued to treat Plaintiff through November, 2012 (Tr. 517-19, 559-62). During the course of Plaintiff's treatment, Dr. Godoy filled out an undated Family and Medical Leave Act ("FMLA") form (Tr. 586-88). On the FMLA form, Dr. Godoy noted that she treated Plaintiff since January 2009 and that Plaintiff suffered from pelvic pain with poor response to medication management, required nerve blocks at least twice every two to three months, and required monthly follow-up visits with Dr. Godoy (Tr. 587). Dr. Godoy opined that Plaintiff's condition was chronic and would require at least two treatments per year and more than just over-the-counter medication (Tr. 587). Dr. Godoy opined further that Plaintiff's condition would cause episodic flare-ups about once every four weeks that would prevent Plaintiff from performing her job functions, require her to be absent from work during the flare-ups, and lead to an inability to concentrate (Tr. 588). Additionally, Dr. Godoy opined that Plaintiff would need to attend follow-up treatment appointments or work part-time or on a reduced schedule due to her condition and such treatment and that reduced hours were medically necessary (Tr. 588). As a result of

7

Plaintiff's condition, Dr. Godoy opined that Plaintiff would not be able to sit longer than six hours per day (Tr. 587). Accordingly, Dr. Godoy recommended that Plaintiff work a reduced schedule to six hours per day and to work only Monday, Tuesday, Thursday, and Friday since Wednesday was Plaintiff's appointment day for procedures and follow up (Tr. 588, 589). Dr. Godoy also provided letters excusing Plaintiff from work from December 2, 2009, through April 30, 2010 (Tr. 590-94).

As the Commissioner concedes, the ALJ did not specifically reference Dr. Godoy's opinions. The Commissioner contends, however, that the ALJ's failure to reference Dr. Godoy's opinions constitutes harmless error. Notwithstanding the Commissioner's arguments to the contrary, such error was not harmless. Indeed, Dr. Godoy examined and treated Plaintiff for pain management for nearly four years. Based on that extensive treatment relationship, Dr. Godoy opined that Plaintiff required a reduced schedule in both hours per day and days per week. Such opinions receive substantial weight unless good cause is demonstrated to the contrary. *Winschel*, 631 F.3d at 1179; *cf.* 20 C.F.R. § 404.1527(c). In fact, the Appeals Council explicitly directed the ALJ upon remand to consider the medical source opinions and explain the weight given to such opinion evidence (Tr. 123). The ALJ's conclusory statement that "any suggestion that the claimant cannot work an eight-hour workday, 40-hour workweek is simply not supported by the evidence" (Tr. 19) does not necessarily or adequately indicate that the ALJ considered Dr. Godoy's opinions and certainly does not explain the weight given to Dr. Godoy's opinions. While the possibility exists that the ALJ considered and rejected Dr. Godoy's opinions, "without clearly articulated grounds for such a rejection, [the Court] cannot determine whether the ALJ's

conclusions were rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1179. Accordingly, the case should be remanded to the ALJ for consideration of Dr. Godoy's opinions and an explanation of the weight assigned to such opinions.

### ii. Dr. Perez

Similar to Dr. Godoy's opinions, Plaintiff asserts that the ALJ failed to consider, discuss, or weigh Dr. Perez's opinion. On May 10, 2010, Dr. Perez completed a Treating Source Mental Status Report upon the request of the Social Security Administration (Tr. 436-40). Dr. Perez noted that Plaintiff's mood and affect were appropriate, except that Plaintiff cried during the exam and exhibited a depressed mood (Tr. 436). Dr. Perez noted further that Plaintiff's thought content, thought processes, and orientation were all normal and Plaintiff exhibited no hallucinations or perceptual disturbances or behavioral abnormalities on exam but that Plaintiff exhibited decreased concentration during the exam and decreased remote memory (Tr. 437). Dr. Perez diagnosed Plaintiff with Major Depression, Chronic Pain Syndrome, and decreased concentration and memory impairment most likely secondary to oral medication (Tr. 437). Based on her findings, Dr. Perez opined that Plaintiff was most likely not capable of sustaining work activity for eight hours per day for seven days per week due to treatment side effects and symptoms (Tr. 440). Dr. Perez also recommended a formal psychiatric evaluation of Plaintiff with a psychiatrist to confirm her impression (Tr. 440).

The Commissioner concedes that the ALJ failed to discuss Dr. Perez's opinion and contends that the ALJ instead implicitly rejected such opinion. As with Dr. Godoy's opinion, however, such an implicit rejection is insufficient. The ALJ's decision indicates neither that the

ALJ considered Dr. Perez's opinion nor the weight the ALJ afforded such opinion. Such an omission is problematic in light of the fact that Dr. Perez's opinion comports with the opinion of Dr. Godoy that Plaintiff lacked the ability to perform sustained work activity for a full eight hours per day for seven days per week. Furthermore, although the ALJ noted that Dr. Gerald Hodan, the only mental health specialist who examined Plaintiff, concluded that Plaintiff would experience difficulty with stress and dealing with the public (Tr. 19, 432-34), the ALJ failed to mention that Dr. Hodan opined that "[d]epending upon her level of experienced pain as well as her level of depression on a given day, she will be compromised when it comes to following detailed or complex instructions and in getting work done in a timely manner" (Tr. 433). Rather than address these portions of the record, the ALJ chose to simply ignore or disregard them and impermissibly focus solely upon the evidence that supported his decision. *See McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986). Accordingly, the ALJ's failure to address Dr. Perez's opinion or explain the weight afforded to such opinion therefore warrants remand with directions to the ALJ to consider Dr. Perez's opinion and explain the weight afforded to such opinion.

### B. Plaintiff's Testimony

Plaintiff additionally argues that the ALJ failed to properly consider Plaintiff's testimony and subjective complaints. In addition to the objective evidence of record, the Commissioner must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. *See* 20 C.F.R. § 404.1529. In social security disability cases, credibility determinations

fall within the province of the ALJ. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005). Typically, the ALJ makes credibility determinations regarding a claimant's subjective complaints and must provide specific reasons for the credibility finding. *Holt v. Sullivan*, 921 F.2d 1221,1223 (11th Cir. 1991); Social Security Ruling 96-7p, 1996 WL 374186 (S.S.A. July 2, 1996). To establish a disability based on testimony of pain and other symptoms, the claimant must show evidence of an underlying medical condition and either (1) objective medical evidence confirming the severity of the alleged symptoms or (2) that the objectively determined medical condition can reasonably be expected to give rise to the alleged symptoms. *Wilson*, 284 F.3d at 1225; *see* 20 C.F.R. § 404.1529. When the ALJ discredits the claimant's subjective testimony, the ALJ must articulate explicit and adequate reasons for doing so. *Wilson*, 284 F.3d at 1225; *Foote v. Chater,* 67 F.3d 1553, 1561-62 (11th Cir. 1995). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562.

In rendering the RFC, the ALJ considered Plaintiff's subjective complaints and testimony and concluded that, although Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, Plaintiff's statements, as well as the statements from all witnesses, concerning the intensity, persistence, and limiting effects of Plaintiff's symptoms were not entirely credible (Tr. 18-19). In reaching that conclusion, Plaintiff contends that the ALJ failed to properly consider Plaintiff's testimony regarding her inability to work at full capacity after her hysterectomy, her inability to lift more than ten pounds, her need to readjust herself after sitting for fifteen minutes, and her ability to only walk for about fifteen

minutes and stand for about thirty minutes at a time (*see* Tr. 39-43). As Plaintiff contends, the opinions of Dr. Godoy and Dr. Perez lend support to Plaintiff's testimony and, since such opinions were not properly considered or addressed by the ALJ, the ALJ needs to reassess Plaintiff's testimony upon remand. Accordingly, the case should be remanded with directions to the ALJ to consider Plaintiff's testimony and subjective complaints regarding her impairments.

**IV.**

Accordingly, for the foregoing reasons, it is

RECOMMENDED:

1. The decision of the Commissioner be REVERSED and the matter be REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with the recommendations set forth above.

2. The Clerk be directed to enter judgment for Plaintiff and close the case.

IT IS SO REPORTED in Tampa, Florida, on this 3rd day of August, 2015.

ANTHONY E. PORCELLI
United States Magistrate Judge

## **NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

cc:   Hon. Mary S. Scriven
      Counsel of Record